TRACY NEAL-LOPEZ (SBN 225367)
NEAL-LOPEZ LAW GROUP, PC
111 W. Ocean Blvd., Suite 400
Long Beach, CA 90802
Tel: (562) 216-8140
Fax: (562) 216-8001
Email: tracy@neallopezlawgroup.com

Attorneys for Plaintiffs CUPCAKE SUSHI, LLC and LORI SHUBERT

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUPCAKE SUSHI, LLC, a Florida Limited Liability Company; LORI SHUBERT, an Individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JAMIE SPEIRS, an Individual; MICHAEL SANTIAGO, an Individual; BATURHAN CORABATIR, an Individual; BATUSER, INC. dba SUSHI SWEETS, a California Corporation; and DOES 1 through 25, Inclusive,<br><br>　　　　　Defendants. | CASE NO. 8:17-CV-01078<br><br>**COMPLAINT FOR:**<br>1. **PATENT INFRINGEMENT –** 35 U.S.C. § 271;<br>2. **TRADEMARK INFRINGEMENT -** 15 U.S.C. § 1115;<br>3. **MISAPPROPRIATION OF TRADE SECRETS - CAL. CIVIL CODE § 3426.1, ET SEQ.;**<br>4. **COMMON LAW TRADEMARK INFRINGEMENT;**<br>5. **UNFAIR COMPETITION - 15 U.S.C. § 1125(a);**<br>6. **TRADE DRESS INFRINGEMENT -** 15 U.S.C. § 1125(a); and<br>7. **UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

　　Plaintiffs CUPCAKE SUSHI, LLC and LORI SHUBERT hereby allege for their Complaint against Defendants Jamie Speirs, Michael Santiago, Baturhan Corabatir, and Batuser,

1
**COMPLAINT**

Inc. dba Sushi Sweets, on personal knowledge as to their own activities and on information and belief as to the activities of others, as follows:

## JURIDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338 and 1331. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims as well as jurisdiction under 28 U.S.C. § 1338(b) because the state law claims are joined to a substantial and related trademark and patent claims.

2. Venue in this juridical district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the Plaintiffs' claims occurred in this judicial district, Defendants reside in this district, and Plaintiffs have suffered harm in this district.

## THE PARTIES

3. Plaintiff Cupcake Sushi, LLC (referred to as "Plaintiff Cupcake Sushi" or "Cupcake Sushi") is a Florida limited liability company with its principal place of business at 431 Front Street, Key West, Florida.

4. Plaintiff Lori Shubert ("Shubert") is an individual who resides in Key West, Florida, and is the sole owner of Cupcake Sushi, including its trade secrets and patents. (Cupcake Sushi and Shubert are sometimes collectively referred to as "Plaintiffs")).

5. Defendant Jamie Speirs ("Speirs") is an individual who, on information and belief, resides in Irvine, California, is a co-owner of Sushi Sweets, located at 24002 Via Fabricante, #401, Mission Viejo, California 92691.

6. Defendant Michael Santiago ("Santiago") is an individual who, on information and belief, resides in Laguna, California, and is a pastry chef at Sushi Sweets.

7. Defendant Baturhan Corabatir ("Corabatir") is an individual who, on information and belief, resides in Mission Viejo, California, and is co-owner of Sushi Sweets.

8. Based on information and belief, Defendant Batuser, Inc., doing business as Sushi Sweets, is a California corporation with its principal place of business located at 24002 Via Fabricante, #401, Mission Viejo, California 92691.

9. The true names and capacities of the defendants named herein as Does 1 through 25 inclusive, whether individual, corporate, or otherwise, are currently unknown to Plaintiffs, which therefore sues such defendants by fictitious names pursuant to Code of Civil Procedure section 474. Plaintiffs will amend this Complaint to identify the true names and capacities of each of the fictitiously named defends when such names and capacities have been determined.

## FACTUAL ALLEGATIONS

### The Creation of Cupcake Sushi

10. In or about February 2012, the unique confectionary dessert cake, Cupcake Sushi, was born. Shubert, a cake artist, chef and creator, developed the recipes, design and process to make Cupcake Sushi. Cupcake Sushi is a unique dessert created from a combination of a bite size piece of cake and Shubert's award-winning buttercream frosting and mix-ins. Shubert's patent pending process allows for buttercream frosting to be delicately rolled around the moist cakes, then cut and served like sushi roll desserts. Each bite includes all the flavor profiles, buttercream, moist cake, ganache, caramel, nuts and a delicate chocolate shell.

11. Shubert first started selling Cupcake Sushi out of her bakery/café in Fairhaven, Massachusetts. After placing her new invention in the display case at the bakery, the demand for Cupcake Sushi took off. Shubert then developed the Cupcake Sushi mobile cart with a cold stone, so that people can watch live how Cupcake Sushi is rolled.

12. Shortly after Cupcake Sushi was born, Shubert moved Cupcake Sushi to Key West, Florida. Initially, Shubert sold Cupcake Sushi from a cart in Mallory Square, Florida. However, as the demand for Cupcake Sushi continued to sky-rocket, Shubert opened a retail bakery shop in Key West, Florida, where she produced and sold Cupcake Sushi, and used the mobile Cupcake Sushi cart for special events.

13. The Key West Cupcake Sushi retail store is not the only place where customers can order and purchase Cupcake Sushi. Plaintiff Cupcake Sushi maintains a website at www.cupcakesushi.com (the "Cupcake Sushi Website"), where customers can view Cupcake Sushi's menu and place orders for Cupcake Sushi goods. Prior to the infringement set forth herein by Defendants, the Cupcake Sushi Website received 5,000 views or more per month. Since the

infringing conduct, the number of Cupcake Sushi Website views has dropped to approximately 1,000 per month. Cupcake Sushi products are also available in surrounding markets and stores and is the preferred vendor for the Westin, Hyatt, Sunset key Cottages, Pier House, Ritz Carlton, South Beach, Madison Avenue, Trump Doral, among others.

14. Shubert has spent countless hours and expense to develop the recipes, design and process to make Cupcake Sushi desserts/products. She has also gone through great lengths to ensure that Cupcake Sushi trade secrets and patents are kept confidential, a secret. Cupcake Sushi trade secrets and patent knowledge is only released to those who have obtained a valid license agreement from Plaintiffs, or as an employee of Cupcake Sushi, whether at-will or as an independent contractor, after signing a confidentiality agreement.

15. Further, Plaintiffs have expended significant time, energy and expense to promote the Cupcake Sushi product, including but not limited to special events, interviews, print ads, online marketing, advertising and marketing. Cupcake Sushi's customers expect outstanding quality and presentation and Cupcake Sushi works diligently to maintain its reputation and goodwill by delivering a unique quality product to its customers. Cupcake Sushi is uniquely different from any other cupcake in the United States. It is therefore necessary for Plaintiffs to protect their product and their reputation against competitors which may infringe upon Plaintiffs' intellectual property.

### Patent Ownership

16. On September 17, 2013, Shubert, the inventor, filed a patent application, number 14/487364 ("364 Patent"). In sum, the invention relates to the field of confectionary; specifically, the preparation of small, tender cakes (Cupcake Sushi) and prefabricated frosting sheets for use with them. A true and correct copy of the 364 Patent is attached to this Complaint as **Ex. A** and incorporated herein by this reference. Shubert is the exclusive licensee of the entire right, title and interest and to the 364 Patent, including the rights to enforce the 364 Patent and recover for infringement. On or about March 19, 2015, the 364 Patent was published, without opposition.

17. On December 22, 2014, Shubert, the inventor, filed a patent application, number D/474,667 ("667 Design Patent"). In sum, the invention relates to the design of the Cupcake

Sushi product - a rolled and decorated cupcake. A true and correct copy of the 667 Design Patent is attached to this Complaint as **Ex. B** and incorporated herein by this reference. Shubert is the exclusive licensee of the entire right, title and interest and to the 667 Design Patent, including the rights to enforce the 667 Design Patent and recover for infringement.

18. On or about June 13, 2017, Shubert was issued United States Patent No. D789,025 in connection with the 667 Design Patent.

19. As more fully set forth below, Defendants have been and are now infringing both the 364 Patent and the 667 Design Patent in this judicial district and, based on information and belief, elsewhere, by using and selling products which infringe Shubert's patents.

### Trademark Ownership

20. On July 11, 2012, Plaintiff Cupcake Sushi filed a trademark application for its CUPCAKE SUSHI design. The design consists of a circle that sits in a Chinese food bucket. There are two chop sticks crossed and behind the image. The text "Cupcake" centered below the image and the text 'Sushi' centered below "Cupcake."

21. On or about March 12, 2013, the CUPCAKE SUSHI design published for opposition in the USPTO'S Official Gazette. No oppositions were filed.

22. On January 21, 2014, Plaintiff Cupcake Sushi's design was issued as U.S. Trademark Registration No. 4,471,750. Plaintiff Cupcake Sushi began using its design in the United States commerce in October 2013. A copy of the registration for the CUPCAKE SUSHI mark and design is attached as **Ex. C** and incorporated herein by this reference.

23. On October 1, 2014, Cupcake Sushi filed a trademark application for its CUPCAKE SUSHI mark. The mark consists of standard characters.

24. On July 7, 2015, the CUPCAKE SUSHI mark was issued as U.S. Trademark Registration No. 4,770,652. Cupcake Sushi began using the CUPCAKE SUSHI mark in October 2013. A copy of the registration for the CUPCAKE SUSHI mark is attached as **Ex. D** and incorporated herein by this reference.

///

///

## Defendants' Infringing Conduct

25. In or about November 16, 2015, Plaintiff Cupcake Sushi entered into a licensing agreement with Frost-Ink, LLC ("Frost-Ink"), doing business as the "Bake Shop," located in Wilton Manors, Florida.

26. Plaintiffs are informed, believe and thereupon allege that, Defendant Michael Santiago ("Santiago"), a pastry chef, was hired by Frost-Ink to work at the Bake Shop.

27. Plaintiffs are informed, believe and thereupon allege that, in or about March of 2016, Santiago, without a Cupcake Sushi license agreement, or Plaintiffs' consent, formed Cupcake Sushi Wilton Manor, which based on information and belief, he operated out of the Bake Shop.

28. On or about April 28, 2016, through a purchase and sale agreement ("Transfer Document"), Frost-Ink endeavored to unlawfully transfer the burden of whole or part of its Cupcake Sushi license agreement, without Plaintiffs' prior consent, to Epicurean Branding, LLC, a third-party purchaser, which company Shubert is informed is owned by Defendant Santiago. Pursuant to the terms of the Cupcake Sushi and Frost-Ink license agreement the licensee [Frost-Ink] shall not assign, sub-license, or in any other manner transfer to any third party the benefit and/or burden of the whole or any part of this Agreement or purport to do any of the same without the prior written consent of the Licensor [Cupcake Sushi].

29. Shortly thereafter, without Plaintiffs' consent, Defendant Santiago contacted the vendor Plaintiffs had been using for years to create Cupcake Sushi labels for its products - the label contains both the Cupcake Sushi logo and its website. Based on information and belief, Defendant Santiago contacted the sticker company, Sticker Mule, and disguised himself as the owner of Cupcake Sushi. Unbeknownst to Plaintiffs at the time, Defendant Santiago redesigned the Cupcake Sushi sticker by adding the website "Wilton Manor Cupcake Sushi.com" on it in place of the Cupcake Sushi website. Plaintiffs later learned that the Cupcake Sushi account with Sticker Mule had been closed. As such, Plaintiff Cupcake Sushi forced to redesign its stickers and open a new account.

30. The last license fee payment made by Frost-Ink was in or about July 2016. Around the same time, Defendant Santiago took over Frost-Ink's commercial lease to the Bake Shop.

31. On or about October 2016, a notice of breach of Frost-Ink's breach of the Cupcake Sushi license agreement was sent to Frost-Ink, with a request to cure its default, among other things.

32. Plaintiffs are informed, believe and thereupon allege that, in or about September 2016, Defendant Santiago attempted to sell the Bake Shop commercial lease and equipment, some of which was owned by Plaintiffs, to a third party, while secretly continuing to operate Cupcake Sushi Wilton Manor out of the Bake Shop.

33. On or about October 1, 2016, Shubert took over the commercial lease to the Bake Shop.

34. On November 3, 2016, the Cupcake Sushi and Frost-Ink license agreement terminated.

35. Around the same time, Defendant Santiago commenced employment with Plaintiff Cupcake Sushi as an independent contractor, a pastry chef. As part of the hiring process, Santiago was required to sign a Confidentiality Agreement, which all Cupcake Sushi employees, independent contractors and anyone who is trained by Plaintiffs on the process to make Cupcake Sushi desserts/products, are required to sign. Shubert also repeatedly reiterated the importance of keeping Plaintiffs' intellectual property confidential.

36. On or about January 21, 2017, Defendant Jamie Speirs ("Speirs") contacted Shubert claiming that he supposedly entered into a Cupcake Sushi License agreement with Shubert's former California business partner, Virgel Allen. Shubert was not aware of any such license agreement. Hence, she requested that Speirs send her a copy of the supposed license agreement, which he refused.

37. On or about February 10, 2017, behind Shubert's back, Defendant Speirs contacted Defendant Santiago at the Bake Shop asking whether he would train him on how to make Cupcake Sushi desserts, that is, disclose Cupcake Sushi's trade secrets and patents.

Santiago contacted Shubert via text to inform her of the call from Speirs, and claims that he told Speirs that he works for Shubert and to contact her with any questions. However, unbeknownst to Plaintiffs at the time, and based on information and belief, Santiago and Speirs conspired to misappropriate and infringe on Plaintiffs' intellectual property.

38. On or about February 20, 2017, Defendant Santiago informed Shubert that he was not going to be at work from Thursday, February 23, 2017 through Sunday, February 26, 2017, because he supposedly had to fly out of town to attend a funeral. Prior to February 23, 2017, Shubert went to the Bake Shop to pick up boxes of Cupcake Sushi product for events she had that week/weekend.

39. After repeated calls to the Bake Shop with no answer for any employees, Shubert learned that that Bake Shop had been closed for several days, and that Santiago had taken equipment and other items from the Bake Shop, without Plaintiffs' consent. Plaintiffs are informed, believe and thereupon allege that, Defendant Santiago took already prepared Cupcake Sushi product, equipment belonging to Plaintiffs, Plaintiffs' trade secrets such as recipes, vendor lists, marketing plans, and patent information, including employee personnel documentation, baking products, bento boxes, among other items. Shubert immediately terminated Santiago's employment.

40. Plaintiff Shubert later learned that Santiago transported the aforementioned items, including trade secret and patent information, to California where he now resides. Specifically, Defendant Santiago disclosed Plaintiffs' intellectual property to Defendant Speirs and his company, "Sushi Sweets," which operates out of a bakery named "Simply the Cupcake Store," located at 24002 Via Fabricante, #410, Mission Viejo, California 92691.

41. Based on information and belief, immediately upon moving to California, Santiago commenced employment with Sushi Sweets as an executive pastry chef, which promotes and sells Cupcake Sushi dessert products. Plaintiffs are informed and believe, and thereon allege, that Defendants use Plaintiffs' trade secrets and patent information to make Sushi Sweets desserts. Sushi Sweets' rolled cupcakes are identical in design and shape as Plaintiff Cupcake Sushi's

rolled cupcakes. Sushi Sweets also uses the Cupcake Sushi patent design as part of its logo. A copy of Sushi Sweets' logo is attached as **Ex. E** and incorporated herein by this reference.

42. Based on information and belief, Defendant Speirs and Defendant Corabatir, a pastry chef and owner of Simply the Cupcake Store, co-own Sushi Sweets. Plaintiffs further believe and thereon allege that Corabatir owns an interest in Defendant Batuser, Inc., which Plaintiffs believe does business as Sushi Sweets and Simply the Cupcake Store.

43. Based on information and belief, Sushi Sweets commenced operation in or about January 2017. Sushi Sweets initially had a website, but later took it down. Sushi Sweets obtained a yelp page and Facebook page, which it uses to display its infringing product, and defame Plaintiffs. For example, Defendant Santiago has posted false remarks on the internet stating that Shubert is anti-gay and encourages the gay community not to support Plaintiffs or buy Cupcake Sushi products from them. Defendant Santiago has also publicized that he is going to ruin Plaintiffs.

44. Furthermore, Plaintiffs are informed, believe and thereupon allege that, Defendants are pursuing a new venture affiliated with Sushi Sweets called "Sparkle & the Chef." On the Sparkle & The Chef social media, Defendant Santiago discloses Plaintiffs' intellectual property, such as secret ingredients used to make Cupcake Sushi desserts and the chocolate dipping process, which process and design is patented and only disclosed to those who have a valid license agreement with them.

45. Plaintiffs are informed, believe and thereupon allege that, with the use of Plaintiffs vendor list, Defendants purchase the same bento boxes and party boxes, among other things, used by Cupcake Sushi, and package them the same as Plaintiffs.

46. Defendants did not stop there, they also duplicated the palm tree Cupcake Sushi stand and sushi boat, designed and created by Plaintiffs, and they also had a Cupcake Sushi mobile cart made so that they can do live rolling for customers, the same as Plaintiffs.

47. Defendants have also duplicated for their use and benefit Plaintiffs' product descriptions, images and photographs from the Cupcake Sushi Website and social media, all without Plaintiffs' consent.

48. Only Plaintiffs or their licensees are authorized to create, use, produce, advertise, market, promote and sell Cupcake Sushi product in the United States.

49. None of the Defendants are affiliated with Plaintiffs nor authorized by them in any way to create, use, advertise produce, market, promote and sell Cupcake Sushi dessert products or related services.

50. Consumers have been confused into believing that Plaintiffs have authorized or permitted the wrongful acts by Defendants.

51. On several occasions, Plaintiffs directly and through counsel contacted Defendants Speirs and Santiago, asking that Defendants cease and desist from their wrongful actions as to Plaintiffs. The wrongful acts set forth in this complaint continued.

52. Despite numerous warnings, Defendants have refused to cease and desist their infringing actions.

53. Defendants' actions continue to be likely to cause confusion in the marketplace and dilute the distinctive and wide known Cupcake Sushi marks and trade dress. The confusion continues to injure Plaintiffs.

**FIRST CAUSE OF ACTION**

Infringement of Patent – 35 U.S.C. § 271
(Against All Defendants and Does 1 through 25)

54. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 53 above as though fully set forth herein.

55. Plaintiff Shubert is the sole owner of the entire right, title and interest the 364 Patent and the 667 Design Patent.

56. Defendant have infringed the 364 Patent and the 667 Design Patent under Section 271 of Title 35 of the U.S. Code by making, selling and/or offering for sale in the United States the infringing Cupcake Sushi products which embody the claimed design and shape recited in the 364 Patent and 667 Design Patent.

57. On information and belief, Defendants will continue to infringe the 364 Patent and 667 Design Patent unless enjoined by the Court.

58. Plaintiffs have been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court.

59. On information and belief, the infringement of the 364 Patent and 667 Design Patent by Defendants has been willful.

## SECOND CAUSE OF ACTION

Infringement of Federally Registered Trademark – 15 U.S.C. § 1114
(Against all Defendants and Does 1 through 25)

60. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 53 above as though fully set forth herein.

61. Plaintiff Cupcake Sushi is the owner of the federal trademark registration, U.S. Trademark Registration Nos. 4,471,750 and 4,770,652 for the CUPCAKE SUSHI mark and design.

62. Defendants have used in commerce, without Plaintiffs' consent, Plaintiff Cupcake Sushi's mark and design in a manner that is likely to cause confusion, deception, or mistake among consumers, taking into account the extremely similar commercial activities of the parties and other factors.

63. Defendants' use of Plaintiff Cupcake Sushi's mark and design and other acts alleged herein infringe Plaintiff Cupcake Sushi's federal registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

64. Defendants' unauthorized use of Plaintiff Cupcake Sushi's mark and design trademark has damaged Plaintiffs and their business and goodwill, and unless restrained will continue to cause great and irreparable injury to Plaintiffs. Plaintiffs are entitled to an injunction as well as damages to be proven at trial. Because this is an exceptional case, involving willful misconduct by Defendants, Plaintiffs are entitled to recover treble damages, treble profits, and attorneys' fees.

///

///

///

COMPLAINT

## THIRD CAUSE OF ACTION

Misappropriation of Trade Secrets - Cal. Civil Code § 3426.1, et seq.
(Against all Defendants and Does 1 through 25)

65. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 53 above as though fully set forth herein.

66. Defendant Santiago, as an employee of Plaintiff Cupcake Sushi, had access to the trade secrets, patents and confidential business information of Plaintiffs.

67. Defendant Santiago, acquired Plaintiffs' trade secrets during the course and scope of his employment with Plaintiffs.

68. Defendant Santiago was aware that the information he received as part of his employment at Plaintiff Cupcake Sushi was confidential in nature and constituted trade secrets because he was required to sign a Confidentiality Agreement and Plaintiff Shubert reiterated repeatedly the importance of keeping all trade secrets and patent information confidential.

69. Based on information and belief, Defendant Santiago turned over Plaintiffs' trade secrets, including patent process and design, to Defendants Speirs, Batuser, and Sushi Sweets. Defendants misappropriated Plaintiffs' trade secrets to develop a competing business and social media for their personal use and benefit.

70. Plaintiffs seek an order from this Court compelling Defendants to return to Plaintiffs any and all trade secret and patent information obtained from Plaintiffs.

71. Plaintiffs seek injunctive relief prohibiting Defendants from further use of Plaintiffs' misappropriated trade secrets and patents.

72. As a result of Defendants' misappropriation, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable injury.

73. Based on the intentional, willful and malicious nature of Defendants' actions, Plaintiffs are entitled to recover exemplary damages and reasonable attorney's fees and costs incurred in connection with this action.

///

///

## FOURTH CAUSE OF ACTION

Common Law Trademark Infringement
(Against all Defendants and Does 1 – 25)

74. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 53 above as though fully set forth herein.

75. By virtue of having used and continuing to use its trademark, Plaintiff Cupcake Sushi has acquired common law rights in that mark.

76. Defendants' use of a mark identical and/or confusingly similar to Plaintiff's CUPCAKE SUSHI trademark infringes Plaintiff's common law rights in its trademark, and this use is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' rolled cupcakes and/or retail cupcake services originate from, or are affiliated with, or endorsed by Plaintiffs when, in fact, they are not.

77. As a direct and proximate result of Defendants' infringement of Plaintiff's common law trademark rights under California and other common law, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable harm to its business, reputation and goodwill.

## FIFTH CAUSE OF ACTION

Unfair Competition – 15 U.S.C. § 1125(a)
(Against all Defendants and Does 1 – 25)

78. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 53 above as though fully set forth herein.

79. Defendants' use in commerce of a mark identical and/or confusingly similar to Plaintiff Cupcake Sushi's trademark in connection with Defendants' goods and services constitutes a false designation of origin and/or false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' product or commercial activities by Plaintiffs.

80. By using the CUPCAKE SUSHI mark with the knowledge that Plaintiffs owns and has used, and continues to use, its trademark in Florida, and across the United States, Defendants have intended to cause confusion, cause mistake, or deceive consumers.

81. As a direct and proximate result of such unfair competition, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### SIXTH CAUSE OF ACTION

Trade Dress infringement – 15 U.S.C. § 1125(a)
(Against all Defendants and Does 1 – 25)

82. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 53 above as though fully set forth herein.

83. This cause of action arises under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a). Defendants' unauthorized use and continued use in interstate commerce of Plaintiffs' trade dress constitutes use of a word, term, name, symbol, or device, or any combination thereof or any false designation of origin, false or misleading representation of fact, that has caused and is likely to cause confusion, mistake or deception (a) as to the characteristics, qualities or origin of Sushi Sweets' cupcake product, (b) as to an affiliation, connection or association between Plaintiffs and Defendants, and (c) as to the sponsorship or approval of the Sushi Sweets' rolled cupcake product.

84. Such actions, as used in commercial advertising, have misrepresented and do misrepresent the nature, characteristics or qualities of Defendants' good, services and/or commercial activities.

85. Upon information and belief, Defendants have intentionally and falsely designated the origin of their goods by adopting and using trade dress that is substantially the same as Plaintiffs' trade dress for their good so as to profit from Plaintiffs' reputation by confusing the public at large, and of wrongfully trading on the goodwill and reputation of Plaintiffs.

86. The activities of Defendants complained of herein have caused and, unless enjoined, will continue to cause substantial and irreparable harm to Plaintiffs, their business

reputation and their goodwill for which Plaintiffs are without adequate remedy at law. Such activities have also caused Plaintiffs monetary loss and damage including, but not limited to, the loss of profits in an amount yet to be determined.

87. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct. Notwithstanding the difficulty of fully ascertaining the value of the damage to Plaintiffs caused by Defendants' wrongful conduct, Defendants'' conduct has resulted in irreparable, direct and proximate damages to Plaintiffs and Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116(a).

### SEVENTH CAUSE OF ACTION

Unfair Competition Under California
Business and Professions Code § 17200
(Against all Defendants and Does 1 – 25)

88. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 53 above as though fully set forth herein.

89. Plaintiffs are informed and believe, and on that basis, allege, that Defendants have intentionally appropriated Cupcake Sushi's trade dress and the CUPCAKE SUSHI mark and design with the intent of causing confusion, mistake and deception as to the source of their goods with the intent to pass off their goods as those of Plaintiffs', and as such, Defendants have committed unfair competition in violation of common law of the State of California.

90. The foregoing acts of Defendants have caused and will continue to cause injury to Plaintiffs by depriving them of sales of the Cupcake Sushi product, injuring their reputation and by passing off Defendants' goods as Plaintiffs' goods, all in violation of the common law of the State of California.

91. Defendants' acts have caused and will continue to cause irreparable harm and damage to Plaintiffs, and has caused and will continue to cause Plaintiffs monetary damage in an amount not yet determined, for which Plaintiffs are entitled to their actual damages, Defendants' profits as well as attorneys' fees and costs.

92. Defendants' infringement of Plaintiffs' intellectual property described herein constitutes "unlawful, unfair, fraudulent business act[s] or practice[s] and unfair, deceptive, untrue and misleading advertising" within the meaning of the California Business and Professions Code §17200.

93. As a consequence of Defendants' actions, Plaintiffs are entitled to injunctive relief and an order that Defendants disgorge all profits on the producing, use, display or sale of infringing goods.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Cupcake Sushi, LLC and Lori Shubert respectfully request the following relief:

1. A judgment in favor of Plaintiffs that Defendants have infringed the "364 Patent" and the "667 Design Patent" and that Defendants' infringement of the "364 Patent" and "667 Design Patent" was willful;

2. A preliminary and permanent injunction enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert or privity therewith from direct, indirect and/or joint infringement of the "364 Patent" and the "667 Design Patent" as aforesaid pursuant to 35 U.S.C. § 283;

3. A judgment that Defendants' authorized use of Plaintiff Cupcake Sushi's trade dress, in association with the infringing Sushi Sweets products is in violation of the Lanham Act, 15 U.S.C. § 1125(a);

4. A preliminary and permanent injunction prohibiting Defendants, their respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, from using Plaintiffs' trademark or confusingly similar variations thereof, alone or in combination with any other letters words, letter string, phrases or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on web sites and in domain names);

5. A preliminary and permanent injunction prohibiting Defendants from using directly or indirectly, in connection with any goods, services or commercial activities, the CUPCAKE SUSHI design, or any other trademark, service mark, or trade name that imitates or simulates, or is otherwise confusingly similar to the CUPCAKE SUSHI design and mark;

6. A preliminary and permanent injunction prohibiting Defendants from using any other false designations of origin or false description or representation or doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the trade or the public, or cause dilution of the CUPCAKE SUSHI design and/or mark, or deceive the trade or the public into believing that Defendants' activities are in any way sponsored, licensed or authorized by or affiliated or connected with Cupcake Sushi;

7. A preliminary and permanent injunction prohibiting Defendants from engaging directly or indirectly in any practices, including those complained of herein, that tend to compete unfairly with, or injure, Plaintiffs, their business, or goodwill related to Plaintiffs' business or CUPCAKE SUSHI design or mark;

8. An Order that directs Defendants to account to Plaintiffs for their profits derived from Sushi Sweets and order that Plaintiffs recover their damages arising out of the aforesaid acts of infringement in a sum equal to three times such profits or damages (whichever is greater), pursuant to 15 U.S.C. § 1117(a);

9. An Order that Defendants are to make restitution to Plaintiffs for the amounts derived by virtue of Defendants' unfair business practices;

10. An Order that Defendants are to file with the Court and to serve on counsel for Plaintiffs within 30 days of the entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendants have complied with the terms of the Order, including any injunction which the Court may enter in this action;

11. Award Plaintiffs reasonable attorneys' fees and costs and disbursements incurred by Plaintiffs as a result of Defendants' willful and intentional infringement;

12. Award Plaintiffs exemplary damages against Defendants in an amount to be proven at trial; and

13. Award any such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand jury trial in this matter.

Dated: June 21, 2017

NEAL-LOPEZ LAW GROUP, PC

By: _____
TRACY NEAL-LOPEZ, ESQ.
Attorney for Plaintiffs CUPCAKE SUSHI, LLC
and LORI SHUBERT